UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ARDENT WEDDERBURN,                              Civil Case No: CV066207
                                                                       (SJF)
                                  Plaintiff,                      (RLM)

            -against-

NISSAN INFINITY LT. and MICHAEL BYK,

                                  Defendants.        *Judge: Sandra J. Feuerstein*
-------------------------------------------------------------------X *Magistrate: Roanne L. Mann*

## *MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' NOTICE OF REMOVAL*

Respectfully Submitted,
BORNSTEIN & EMANUEL, P.C.
Attorneys for Plaintiff
200 Garden City Plaza, Suite 201
Garden City, New York 11530
(516) 227-3777
By: Kenneth Bornstein, Esq.

TO:   LONDON FISCHER LLP.
       Attorneys for Defendant
       NISSAN INFINITY LT./ NILT
       59 Maiden Lane
       New York, New York 10038

       LYNCH & LYNCH, LLP.
       Attorneys for Defendant
       MICHAEL BYK
       45 Eisenhower Drive
       Paramus, New Jersey 07652

## *FACTS*

The instant matter was commenced by the filing of a Summons and Complaint and purchase of an index number in the Supreme Court of the State of New York, County of Kings. The index number was purchased on June 8, 2006. Furthermore, Defendant, MICHAEL BYK, was served with a Summons and Complaint BYK service upon the Secretary of State of the State of New York pursuant to Vehicle and Traffic Law Section 253/254. Defendant was served on June 26, 2006. The affidavit of service was filed on July 6, 2006.

NILT was served with a Summons and Complaint BYK service upon the Secretary of State of the State of New York pursuant to the Business Corporation Law Section 306. This defendant was served on June 29, 2006. The affidavit of service was filed on July 12, 2006.

On or about July 15, 2006, Defendants, NILT and MICHAEL BYK interposed an Answer.

On or about October 10, 2006, NILT interposed an Amended Verified Answer.[1]

---

[1] In this Amended Answer, for the first time, an affirmative defense that this action is barred BYK federal preemption pursuant to 49 U.S.C. Section 30106.

2

On October 4, 2006, NILT served a demand pursuant to CPLR §3017©) requesting plaintiff to set forth total damages to which plaintiff deems herself entitled to recover for personal injuries.

On October 31, 2006 plaintiff served a Response to Demand pursuant to CPLR §3017(c) setting forth that plaintiff has been damaged in the sum of One Million Dollars which represents past pain and suffering, future pain and suffering and loss of enjoyment of life as a result injuries sustained in the subject occurrence.

BYK motion dated November 3, 2006, NILT, moved the Supreme Court of the State of New York, County of Kings, for an order requesting that plaintiff set forth her damages pursuant to CPLR §3017(c), This motion was returnable November 27, 2006. This motion was withdrawn when NILT received plaintiff's response as set forth above.

## *LEGAL ARGUMENT*

I.

28 U.S.C. §1446 provides as follows:

> *"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt BYK the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and does not require to be served on defendant, which ever period is shorter.*
>
> *If the case started BYK the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt BYK the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may be first*

3

> *ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred BYK section 1332 of this title more than one year after commencement of the action."*

In <u>Hoffman v. Vulcan Materials Corp</u>., 19 F. Supp.2D 475 (M.D.N.C. 1998), the District Court in North Carolina was faced with a North Carolina statute that prohibits ad damnum clauses. In that case, the plaintiff's complaint alleged only that damages for each plaintiff exceeds thirty thousand dollars. In <u>Hoffman</u>, the defendant did not file a motion to ascertain the exact amount in controversy for each plaintiff. The <u>Hoffman</u>, court stated that the better construction of the removal statute would require defendants to use the state civil procedure rules to compel plaintiff to set forth the monetary relief requested within the thirty day removal period. <u>Hoffman,</u> at page 478.

Although a defendant in the State of New York is faced with a dilemma posed BYK Section 3017(c), a defendant is permitted to request a supplemental demand setting forth the total damages to which the plaintiff deems herself entitled. CPLR §3017. The plaintiff then must supply a supplemental demand within 15 days. CPLR §3017.

In the instant matter, the defendants did not exhibit an intention to have this case removed to federal court until October 4, 2006, at which time defendant served a demand pursuant to CPLR §3017 demanding that plaintiff provide a response setting forth the total damages to which plaintiff deems herself to recover for personal injuries. This demand was served ***76 days after the defendants' initial answer***.

Professor David D. Siegel suggested that a way for a defendant to deal with the

4

problems of CPLR §3017(c) is for defendant to serve a supplemental demand on the plaintiff to which the plaintiff must respond with a specific monetary amount within 15 days. He then suggests that the 30 days for removal should not start until the defendant receives the response, and to accelerate it the **defendant with any aspiration at all for federal jurisdiction should serve the demand promptly**. 147 Siegel's Practice Review 2, (2004), [Emphasis added]. Clearly, NILT has not moved promptly for removal. Its conduct indicates no "aspiration" for Federal Jurisdiction.

In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability. *Somlyo v. J. Lu-Rob Enters*., 923 F.2d 1043(2nd Circuit 1991).

The defendant's right to remove and the plaintiff's right to choose the forum are not equal, and uncertainties should be resolved in favor of remand. *Wilds v. United Parcel Serv., Inc*., 262 F.Supp.2nd 163 (S.D.N.Y.2003).

Finally, after showing no aspiration at all to have this matter removed to Federal Court, it is clear that NILT engaged in a form of forum shopping. Counsel for NILT is well aware of a decision dated September 11, 2006, (after the initial 30 day period to seek removal, and, after sufficient time had expired to allow defendants to make a demand pursuant to CPLR §3017(c)where Justice Polizzi in the case of *Graham v. Dunkley*, 13 Misc.3d 790 (Queens County), held that enactment of Transportation Equity

Act relieving commercial lessors of vicarious liability under State Law exceeded Congress' powers under the commerce clause.[2]

It appears that NILT did not aspire to seek federal jurisdiction until the adverse decision that was rendered in _Graham_. Furthermore, if in fact the vehicle in question is a leased vehicle[3]; and, if this court does hold that plaintiff is barred from bringing an action against NILT, then this action will be pending in Federal Court with two remaining parties who have never sought to have this matter heard in Federal Court.

Based upon the foregoing, the instant matter should be remanded to State Supreme Court.

WHEREFORE, it is respectfully submitted that the instant matter be remanded to the Supreme Court of the State of New York, County of Kings and that removal not be granted, and for such other and further relief that this court deems just and proper.

Dated:    Garden City, New York
          December 13, 2006

                                                          KENNETH BORNSTEIN, ESQ.
BORNSTEIN & EMANUEL, P.C.
Attorneys for Plaintiff
200 Garden City Plaza, Suite 201
Garden City, New York 11530

---

[2] Counsel for NILT was counsel for defendant in _Dunkley._

[3] According to the information on the police accident report, the registered owner of the vehicle is Nissan Infinity LT. NILT has not provided plaintiff any documentation that it is in fact a lessor of the vehicle.

6

(516) 227-3777